## LIMITATION AS TO TIME FOR BRINGING SUIT ON AN INSURANCE POLICY.

[Superior Court of Cincinnati, General Term.]

HENRY APPEL v. COOPER INSURANCE CO.

Decided, January, 1906.

*Fire Insurance—Limitation of Time for Bringing Suit—Contract Valid, When—Burden of Showing Invalidity of, because Oppressive.*

1. The provision of a policy of fire insurance, limiting the time within which a suit can be brought thereon to six months after the fire, is valid in the absence of circumstances indicating that the effect of the limitation upon the insured is harsh and oppressive.

2. The burden is upon the one complaining to show that the effect of the rule in a given case is such as to demand that its operation be suspended.

HOSEA, J.; FERRIS, J., and HOFFHEIMER, J., concur.

All questions arising upon the proceeding in error in this cause have been determined in the case of *Fire Association of Philadelphia v. Appel,* 4 N. P.—N. S., 41, excepting only the question peculiar to this action, namely, that relating to the limitation of time as to entering suit, and the opinion heretofore rendered in that case may be taken as applicable here. The residual question arises in this case upon a provision in the policy as follows:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing

requirements, nor unless commenced within six months after the fire.''

The policy also contains provisions with respect to furnishing proofs of loss, and, in case of disagreement, for submission of the questions of sound value and damage to appraisers or arbitrators, and providing that the sum so found to be due shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by defendant, including an award where appraisal has been required—such proof of loss to be made within sixty days after the fire.

The fire occurred on September 9, 1901, and upon disagreement between the company and the insured the arbitration was duly entered upon September 18, 1901; and an award made and returned by the umpire and one appraiser (the other having withdrawn and refusing to proceed) on October 9; and ''proofs of loss'' were filed on October 10, 1901. Suit was begun on June 4, 1902, about forty days after the expiration of sixty days succeeding the filing of the ''proof of loss.''

The referee to whom the case was referred below, finding the facts to be as in substance stated above, held as a matter of law that the plaintiff could not recover because he had failed to enter suit before March 9, 1902, that being the expiration of the time limit of six months from the date of the fire, allowed by the policy to the assured, and this was affirmed in the court below.

The plaintiff in error seeks in this proceeding a reversal of this judgment, and counsel present an imposing array of authorities, some of which hold such limitations void because of harshness evidenced by the circumstances of the cases; others modifying by construction the import of the provision so as to begin its operation only after the right of action accrues after filing proofs of loss; and another holding such limitations void as against the public policy evidenced by ordinary statutes of limitation.

The defendant in error, with equal zeal of counsel, presents a line of authority of no less cogency holding to the ordinary rule of construction; that where parties have put in clean unam-

biguous language the terms of the contract by which they agree to be bound the court can not create a new contract between the parties by a construction not intended by themselves.

We think the true rule of decision in the present case lies somewhat between these extreme views, and is that the contract is to be upheld and enforced according to its terms, unless —and the burden is upon him who seeks to establish an exception to the rule—circumstances of a controlling nature are shown which would make an application of the rule manifestly unjust.

In the former opinion referred to, as against an equally binding stipulation, we found that the acts of the companies had practically rendered performance impossible for the insured and thereby excused performance. In the present case no such conditions appear to exist.

The only direct utterance of our Supreme Court upon the question of which we have knowledge is in *Portage Co. Mut. Fire Ins. Co. v. West*, 6 Ohio St., 599, 600, where a similar limitation existed in the charter of a mutual insurance company, and was challenged under a policy issued to one of its members. The court considers various reasons making an early adjustment of losses and liability desirable in the case of mutual insurance companies—and on principle they apply with some force to all —and, treating the policy of the member as a contract embodying this stipulation, says, page 604:

"The plaintiff's liability to a suit, by what we have seen should be treated as terms of the contract, which the insured accepted for their protection against the loss, was limited to a period of time clearly specified, and it could not, after that limitation expired, be answerable to the defendants on their policy of insurance."

It appears from the record in the case at bar that the company was served with proof of loss on October 10, 1901, subsequent to the termination of the arbitration proceedings; and that the company almost immediately and without availing itself of its sixty days privilege, announced its attitude denying liability. There remained to the insured then nearly five of the six months limitation of time in which to bring suit. There

were tentative efforts to bring about a compromise but no definite negotiations that can be taken into account as a suspension; and no other circumstances indicating that the limitation was in fact harsh or oppressive upon the insured. In the absence of such facts we can but affirm the judgment below upon the rule established in *Portage Co. Mut. Fire Ins. Co.* v. *West, supra,* and the general principle above stated, namely: that the stipulations of a contract otherwise valid are to be upheld unless shown to be unfair and unreasonable. 1 Page on Contracts, 356.

The question suggested by holding that such stipulations are invalid as against public policy, lately decided by the court of appeals of Kentucky, is an interesting one and may derive force from the decision of our Supreme Court in *Balt. & O. Ry.* v. *Stankard,* 56 Ohio St., 224, holding that the right of appeal to the courts is in its nature inalienable and can not be bargained away (citing Section 16, Article I, Ohio Const.). This question, however, is not properly before us on this record.

The judgment below must be affirmed, and it is so ordered.

*Frank Seinsheimer* and *John R. Sayler,* for plaintiff.

*J. H. Cabell* and *J. L. Kohl,* for defendant.